UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-CV-303-RC-ALM |
| | § | |
| UNITED RECOVERY SYSTEMS, | § | |
| L.P. | § | |
| | § | |
| Defendant | § | |

DEFENDANT UNITED RECOVERY SYSTEMS, LP'S
MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS
AND SUPPORTING BRIEF

COMES NOW, Defendant, UNITED RECOVERY SYSTEMS, L.P. (Defendant) and without waiving any objections to jurisdiction or other defenses, hereby files this its Motion to Dismiss For Insufficiency of Service of Process under Federal Rule of Civil Procedure 12(b)(4)and (5).[1]  In support of this Motion, Defendant would respectfully state and show this Honorable Court the following:

## I.   INTRODUCTION

1.   *Pro se* Plaintiff is David E. Mack ("Plaintiff") has brought suit, as best as can be determined, against Defendant, a Texas limited partnership, for purported violations of 15 U.S.C. §1681, *et. al.*, commonly referred to Fair Credit Reporting Act ("FCRA").  [Doc. No. 1]

2.   Defendant seeks dismissal under Rule 12(b)(5).  Plaintiff failed to comply with service requirements FED. R. CIV. P. 4 by, including but not limited to, using

---

[1] Although Defendant was not properly served and has no duty under the rules to file this said motion until properly served, Defendant files this motion, out of an abundance of caution, and without waiving any argument or other defense, including any that may be available if or when served.

an unauthorized person to purportedly mail the Complaint and Summons to Defendant's office via certified mail.

## II.   **BRIEF FACTUAL BACKGROUND**

3.      On or about July 21, 2012, Defendant was notified by a business associated about this pending lawsuit.  After reviewing the federal court's docket, it came across this lawsuit and Plaintiff's Request and Motion for Entry of Default Judgment alleging he properly served Defendant in this lawsuit. *See* Plaintiff's Request for Clerk to Entry of Default and Motion for Default Judgment, docketed as [Doc. Nos. 6 and 7] and hereinafter referred to as "[Doc. Nos. 6 and 7]".  To date, Defendant has never been properly served in this matter. A review of the documents submitted by Plaintiff in support of his Motion for Entry of Default Judgment show that service of process was insufficient, defective, and failed to comply with Federal and Texas law.  [Doc. Nos. 6 and 7].

4.      In Plaintiff's Request and Motion for Entry of Default Judgment, he alleges that he had an "independent process server" named Gary Storm mail a copy of the Complaint and Summons to Defendant via certified mail.  [Doc. Nos. 6 and 7]. However, the return of service filed by Plaintiff does not state Gary Storm is a "private process server" and fails to state the alleged "independent process server" is authorized by law or the court to serve Defendant via certified mail. In addition, Plaintiff has failed to allege any facts showing that this "independent process server" did not have any interest in this matter. *See* [Doc. Nos. 6 and 7]. Based on believe and information, Gary Storm has a relationship of some sort with Plaintiff and either currently resides or resided at some time with Plaintiff at

the same residence.  *See* Exhibit A.

5.      Furthermore, the documents filed by Plaintiff show that Plaintiff improperly mailed *something* to a non-identified individual who was not authorized to accept service of process on the behalf of Defendant. *See* [Doc. Nos. 6 and 7]. The documents filed by Plaintiff also do not show that Defendant was served through an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. *See* [Doc. Nos. 6 and 7].

6.      In addition, there is no allegation in Plaintiff's original complaint or any other showing on the face of the record that Defendant has an office, place of business or agency for transacting business in Texas. See Plaintiff's Original Petition, Docketed as [Doc. No. 1] and hereinafter referred to as "[Doc. No. 1]." There is also no showing that the person served with process was in fact an agent or clerk employed in the office, place of business or agency of Defendant. *See* [Doc. Nos. 6 and 7]]. There is also no showing on the face of the record that Defendant is or is not a resident of the State of Texas or any other state. *See* [Doc. Nos. 6 and 7]. In fact, Plaintiff merely alleges in his complaint that Defendant is an "unknown entity with offices at 5800 N. Course Drive, Houston, Texas."  Furthermore, Plaintiff's Complaint is devoid of any allegations as to how Defendant may be properly served. *See* [Doc. No. 1].

### III.    AUTHORITY

7.      According to Federal law, a defendant has no duty to answer a complaint and a plaintiff cannot obtain a default until the plaintiff properly perfects service. *See Broadcast Music, Inc., v. M.T.S. Enter., Inc*., 811 F.2d 278, 282 (5th Cir.

1987) ("No person needs to defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court"). In addition, a Court may dismiss a lawsuit when a plaintiff has failed to properly service a defendant with service of process. *See* Rule 12(b)(5).

8.    Service of process may be effected under the Rule 4 of the Federal Rules of Civil Procedure in the following manner:

> By delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint *to an agent authorized by appointment or by law to receive service of process*.

FED. R. CIV. P. 4(e)(2) (emphasis added). Rule 4(c) of the Federal Rules of Civil Procedure provides that it is the Plaintiff's burden to ensure that affidavits are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1), *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

9.    **The Federal Rules do not provide for service by mail.** *See Lechner v. Citimortgage, Inc.* U.S. Dist. LEXIS 65836, *6 (N.D. Tex. July 29, 2009) (finding insufficient service of process when "Plaintiffs attempted to effect service by mailing copies of the summonses and complaint themselves.") (emphasis added). More specifically, service by mail does not satisfy the personal delivery requirement of Rule 4(e)(2). *See* FED. R. CIV. P. 4(e) 1993 advisory committee's note ("Paragraph (2). . .authorizes the use of . . . personal [service]. . ."); *see also Bower v. Janey*, 468 F. Supp. 2d 102, 106-07 (D.D.C. 2006) (service by mail does not satisfy Rule 4(e)(2), which requires personal service).

10.     In addition to service under the federal rules, Rule 4(h)(1) allows service of process to be effectuated in accordance with Rule 4(e)(1), which states that service of process may be made "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* FED. R. CIV. P. 4(h). Thus, Courts look to both Texas and Federal law to see if service was proper.

11.     The Texas and Federal Rules of Civil Procedure both require a properly-executed summons to be served upon the defendant in order for process to be sufficient. FED. R. CIV. P. 4(c)(1); TEX. R. CIV. P. 106(a)(2). Texas and Federal Rules of Civil Procedure also both require service to be made upon designated individuals who are authorized to accept service of process on behalf of partnership. *See* FED. R. CIV. P. 4(H)(1); TEX. CIV. PRAC. & REM. CODE §§17.021(a), 17.045. Under the federal rules, service of process upon a partnership must be made upon "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1). Similarly, Texas allows services of process on a partnership's registered agent, managing or general partner, or Texas Secretary of State. TEX. CIV. PRAC. & REM. CODE §§17.021(a), 17.044, and 17.045.

12.     In Texas, a sheriff, a constable, or any person *authorized by law* or *by written order* of the court not less than 18 years of age and *who is not* a party to or *interested in the outcome* of the suit may service any process. TEX. R. CIV. P. 103. Under Texas Rules of Civil Procedure 106(a)(2), *only person authorized* by

Texas Rules of Civil Procedure 103 may serve a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." (emphasis added). The Eastern District of Texas Local Rules also provide service may be made "by mailing a copy of the pleadings and summons by registered or certified mail to the person (restricted to addressee only) with return receipt requested in accordance with Texas law.  LOCAL RULE CV-4(d)(2).

13.     Under Texas law, one means of service is "mailing to defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX. R. CIV. P. 106(A)(2). For partnerships, Texas allows service of process on a partnership's managing or general partners or registered agent or Texas Secretary of State.  In addition, such service must be made by a "person authorized by Rule 103."  TEX. R. CIV. P. 106 (A).

14.     However, Texas Rule 103 states that service may only be made by persons authorized by law or court order who are not "a party to or interested in the outcome of a suit." TEX. R. CIV. P. 103.  Rule 103 also provides: "**Service by registered or certified mail and citation by publication *must*, if requested, *be made by the clerk of the court* in which the case is pending**." TEX. R. CIV. P. 103 (emphasis added).  Thus, Rule 103 *only allows the clerk of court* and no other persons to serve by certified mail.  *See Winegarner v. Cinemark Holdings, Inc., et. al,* 2010 WL 5489617 *4 (E.D. Tex. October 27, 2010); *see also Osorio v. Emily Morgan Ent., LLC*, No. SA-04-179, 2005 WL 58960 *2 (W.D. Tex. March

14, 2005); *see also Kleppinger v. Assoc. Corp. of N. America*, No. 3:99-CV-1662, 2003 WL 22329032 *2-*3 (N.D. Tex. October 6, 2003)(emphasis added).

## IV.  ARGUMENT

15.     The Court should dismiss this suit and/or in the alternative require Plaintiff to serve Defendant in accordance with the Federal rules. *Pro se* Plaintiff's summon was purportedly sent to Defendant via "certified mail" by an individual named Gary Storm, who, based on information and belief, has some sort of relationship with Plaintiff and either currently resides with Plaintiff or resided with Plaintiff at one time.   *See* "Exhibit A."   Plaintiff alleges that Mr. Storm is an independent process server; however, Plaintiff never filed any documents in this matter, including the executed process of service indicating that Mr. Storm is a private process server or authorized to serve Defendant in this matter, including but not limited to via certified mail.  In addition, the record indicates that whatever Plaintiff purportedly mailed to Defendant's address was signed by an unidentified individual and not by an individual authorized to accept service of process on the behalf of Defendant. *See* [Doc. Nos. 6 and 7].

16.     Defendant is a Texas partnership with a designated an agent to accept service on its behalf. However, none of Plaintiff's documents reveal that he served Defendant's registered agent. *See* [Doc. Nos. 6 and 7].  Likewise, Plaintiff did not serve the Texas Secretary of State or any of Defendant's partners with process of service.  *See* [Doc. Nos. 6 and 7]

17.     Texas and federal law does not authorize Plaintiff's "process server" to serve Defendant via certified mail.  Texas law only authorizes the court clerk

where the lawsuit is pending to serve parties via certified mail.

18.     Furthermore, Federal and Texas law require service of process to be completed by a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age and who is not a party to or interested in the outcome of the suit may service any process.  TEX. R. CIV. P. 103 (emphasis added).  An "independent process server" who either resides or formerly resided with Pro Se Plaintiff or has some relationship with Pro Se Plaintiff would have an interest in the outcome of a lawsuit and cannot effectuate service.

19.     Since Plaintiff failed to serve Defendant in accordance with the Federal Rules of Civil Procedure and Federal Rule of Civil Procedure 12(b)(5) authorizes the Court to dismiss a case for "insufficient service of process," Defendant respectfully requests the Court to dismiss this lawsuit.

## V.     PRAYER

20.     WHEREFORE, Defendant United Recovery Systems, LP respectfully prays that this Court grant its Motion to Dismiss for insufficiency of service of process, that *pro se* Plaintiff's claims against Defendant herein be dismissed with prejudice, or, alternatively, without prejudice, and that the Court award Defendant such additional relief, at law and/or in equity, as the Court deems just and proper.

[signature block on next page]

Respectfully Submitted

SPROTT RIGBY NEWSOM ROBBINS,
 & LUNCEFORD, P.C.

By:   */s/Kandy E. Messenger*
KANDY E. MESSENGER
State Bar No. 24053360
Fed. ID. 638777
2211 Norfolk, Suite 1150
Houston, Texas    77098
Tel:  (713) 523-8338
Fax:  (713) 523-9422
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the **22nd of July 2011**, a true and correct copy of the foregoing was served by certified mail return receipt requested via the United States Postal Service on the following:

David E. Mack                                         ***Via CMRRR***
7720 McCallum Blvd. #2099
Dallas, TX 75252
*Pro Se* Plaintiff


                                            ___/s/Kandy E. Messenger_____
                                            Kandy E. Messenger