IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
AUG 30 2012
BY
DEPUTY

DAVID E. MACK )
    Plaintiff, )
)
) Case No. 4:12-cv-303
vs )
)
)
UNITED RECOVERY SYSTEMS, LP )
    Defendant. )
)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS**

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, David E. Mack asks the court to deny defendant's Motion to Dismiss for Insufficiency of Service of Process and states as follows:

## INTRODUCTION

1. Plaintiff is David E. Mack; Defendant is UNITED RECOVERY SYSTEMS, LP.

2. Plaintiff sued Defendant for violations of the FCRA by UNITED RECOVERY SYSTEMS, LP in obtaining Plaintiff's Experian credit report on April 16, 2008 without a permissible purpose.

3. Defendant failed to timely answer and at a later date after a request for Default Judgment had been filed with the Court made an appearance and filed a motion to dismiss.

4. Plaintiff motioned for, and was granted, an enlargement of time to respond to Defendant's motion to dismiss.

5. Plaintiff now files this response asking the court to deny Defendant's motion.

**ARGUMENT**

6. When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in Plaintiff's complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule Defendant's motion.

7. In this case, Plaintiff alleged a cause of action for violation of the FCRA. The elements are:

    a. That UNITED RECOVERY SYSTEMS, LP obtained Plaintiff's credit report from Experian April 16, 2008 with no permissible purpose.

    b. That Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from UNITED RECOVERY SYSTEMS, LP that would have given them permissible purpose to obtain Plaintiff's credit report.

    c. That Plaintiff never gave his consent for the Defendant to obtain his credit report from any agency at any time.

8. The defendant alleges in their motion to dismiss that Plaintiff has not made sufficient service of process on the Defendant and the cause of action should be dismissed. Plaintiff notes that Defendant refers to an "Exhibit A" at the top of page 3 but there is no exhibit attached to the motion and Plaintiff has no idea what was referenced.

9. Plaintiff, in his motion for enlargement of time, requested until August 30, 2012 to respond to Defendant's motion to dismiss and to conduct the 26(f) conference as ordered by this court on July 24, 2012 and confer with counsel for the Defendant regarding said motion.

10. Plaintiff called and spoke with counsel for the Defendant, Kandy Messenger, by phone on Friday August 10, 2012 to discuss a potential settlement and scheduling of the 26(f) conference as directed by this court in its order filed July 24, 2012 to conduct said conference no later than August 20, 2012.

11. Plaintiff made an offer of settlement to counsel for the Defendant who said she would take said offer to her client and call Plaintiff back the following day with an answer. Plaintiff also sent a follow-up email to Ms. Messenger with the specifics of the offer of settlement at her request.

12. Plaintiff and counsel for the Defendant, Kandy Messenger, also agreed that, if necessary should a settlement not be reached beforehand, they would hold the 26(f) conference by phone on August 16 at 10:00 A.M.

13. Plaintiff did not receive any return phone call regarding the settlement offer sent to the Defendant. Plaintiff emailed Ms. Messenger on August 22 inquiring as to the status of

the settlement offer and inquiring if the 26(f) conference would be necessary on August 16. Plaintiff received no reply to his email.

14. On August 20, 2012 at the agreed upon time of 10:00 A.M., Plaintiff called Ms. Messenger to conduct the 26(f) conference. Plaintiff asked the receptionist to be connected to Ms. Messenger and was connected to her voicemail when she did not answer. He left her a message reminding her about having the conference and a request to return his call to do so. Plaintiff thought that she might be on the phone at the time he called so he waited until 3:00 P.M. that day for a return call which he never received. There was no indication by the receptionist that Ms. Messenger was not in the office, or unavailable, when Plaintiff called to conduct the conference.

15. At 3:15 P.M. Plaintiff sent an email to Ms. Messenger reminding her that both parties had been ordered by the court to conduct the conference and they needed to get that accomplished or reach a settlement in the alternative. Plaintiff stated in the email that if he did not hear from Ms. Messenger by the end of the following day, August 18, 2012, that he would then just move forward to perfect service to UNITED RECOVERY SYSTEMS, LP through a different process serving to the registered agent and would forward his own 26(f) report to the court in her absence to be in compliance with the order of the court. Plaintiff received no reply to his communication.

16. On Tuesday August 21, 2012 Plaintiff received a phone call from Sue Rogers at Sprott, Rigby, counsel for the Defendant, stating she was calling for Ms. Messenger and that there was no response yet regarding the settlement offer and Ms. Messenger would

forward a 26(f) joint report to him (even though no conference had been held). Plaintiff has yet to receive any further communication from Ms. Messenger or her firm.

17. On August 29, 2012 a private process server with Duces Tecum, Inc. served the registered agent for UNITED RECOVERY SYSTEMS, LP at approximately 1:05 P.M. with the summons and complaint in this cause of action eliminating any deficiency alleged by the Defendant in their motion to dismiss. Evidence of said service will be filed with the court as soon as it is received by the Plaintiff from Duces Tecum, Inc.

## CONCLUSION

18. Because of the blatant lack of cooperation on the part of counsel for the Defendant to engage in any kind of fruitful discussions regarding settlement and the blatant refusal to participate in the 26(f) conference, Plaintiff has perfected service on the Defendant as stated above and the Defendant's motion to dismiss for insufficiency of service of process should therefore be DENIED.

**WHEREFORE**, because the Plaintiff has moved forward and perfected service to the Defendant to cure any deficiencies, alleged or otherwise, Plaintiff respectfully requests the Court DENY the Defendant's Motion to dismiss and allow Plaintiff's claim to move forward to trial on the merits.

Respectfully Submitted,

_____
David E Mack
7720 McCallum Blvd. # 2099
Dallas, Texas 75252
972-735-9642

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent to the parties listed below by first class mail USPS.

Kandy Messenger
SPROTT, RIGBY, NEWSOM,
ROBBINS & LUNCEFORD, P.C.
2211 Norfolk, Suite 1150
Houston, TX 77098

Dated August 30, 2012

David E Mack