FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 3 1 2012

BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK <br> Plaintiff, | ) <br> ) <br> ) <br> ) | |
| vs | ) <br> ) <br> ) <br> ) | Case No. 4:12-cv-303 |
| UNITED RECOVERY SYSTEMS, LP <br> Defendant. | ) <br> ) <br> ) | |

## NOTICE OF NON-COMPLIANCE BY DEFENSE COUNSEL

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, David E. Mack wishes to bring to the attention of the Court the lack of cooperation and blatant non-compliance of Defense Counsel, Kandy Messenger, and states as follows:

1. Plaintiff is fully aware of the order of the Court dated July 24, 2012 governing proceedings in the above styled case.

2. Plaintiff has attempted to comply with the order of the Court by contacting Ms. Messenger and setting a time for the Rule 26(f) conference to discuss settlement and preparation of the required joint report for filing with the Court by September 4, 2012 as ordered.

3. In the first contact with Ms. Messenger Plaintiff approached her as to setting a date and time for the scheduling conference which was set for 10:00 A.M on August 16, 2012 to

match Ms. Messenger's schedule and there was some discussion of a possible settlement in that conversation.

4. Plaintiff sent an email with an offer of settlement to Ms. Messenger on August 10, 2012 as requested by her in the initial conversation indicating she would respond to Plaintiff shortly thereafter as to the answer from her client to said offer.

5. Plaintiff sent an inquiry email to Ms. Messenger on August 14, 2012 as to the status of the settlement offer because he had heard nothing and inquired whether the scheduling conference scheduled for August 16, 2012 would still be necessary. Plaintiff never received a reply to said email.

6. At the previously scheduled time of 10:00 A.M. on August 16, 2012 Plaintiff called Ms. Messenger to conduct the scheduling conference but got her voicemail where he left a message reminding her of the scheduled conference and requested a return call to complete the conference.

7. Plaintiff waited over 5 hours never receiving any return call and proceeded to email Ms. Messenger at 3:15 P.M. stating that they needed to conduct the conference to comply with the order of the Court or reach a settlement to negate that requirement.

8. Plaintiff also stated in the email that if Ms. Messenger did not contact him on the following day, Friday August 17, that he would proceed to perfect service on Ms. Messenger's client in regard to their Motion to Dismiss (*See* Docket 8) and would move forward with his own scheduling report to the Court in her absence.

9. Ms. Messenger has failed to reply to Plaintiff's emails, voicemail or attempt in any manner to conduct a conference with the Plaintiff as required or to discuss any settlement issues.

10. On August 21, 2012 Plaintiff received a call from Sue Rogers, legal assistant to Ms. Messenger, stating there was not yet an answer to the settlement offer and that Ms. Messenger would be sending a joint 26(f) report when she was out of court. No report was sent to Plaintiff by Ms. Messenger.

11. On August 31, 2012 at approximately 1:00 P.M. Plaintiff received another call from Sue Rogers wherein she stated she was going to email a joint conference report to Plaintiff for him to look over. Plaintiff stated there had been no conference with Counsel so there could be no joint report submitted to the court.

12. Plaintiff has prepared his own scheduling report for filing with the Court in the absence of any cooperation by or a conference with Ms. Messenger.

13. Ms. Messenger's apparent "I will do what I want when I want" and "I don't have to speak to the Plaintiff" attitude is not well taken by the Plaintiff and should not be well taken by the Court as well as it makes any kind of progress to move forward quite difficult and is a waste of Court resources as well.

**WHEREFORE**, the Plaintiff has attempted to herein make the Court aware of the lack of cooperation by Defense Counsel in the hope that it can impress upon same that without reasonable cooperation with the Plaintiff any kind of resolution to this matter is going to be far more difficult and unpleasant than necessary and a burden on the Court as well.

Respectfully Submitted,

_____
David E Mack
7720 McCallum Blvd. # 2099
Dallas, Texas 75252
972-735-9642

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent to the parties listed below by first class mail USPS.

Kandy Messenger
SPROTT, RIGBY, NEWSOM,
ROBBINS & LUNCEFORD, P.C.
2211 Norfolk, Suite 1150
Houston, TX 77098

Dated August 31, 2012

_____
David E Mack