UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DAVID E. MACK                             §
     Plaintiff,                          §
                                        §
                                        §     Case No. 4:12-cv-303
vs.                                       §
                                        §     JUDGE RON CLARK
                                        §
UNITED RECOVERY SYSTEMS, LP               §
     Defendant.                          §     Jury Demand

## DEFENDANT UNITED RECOVERY SYSTEMS, LP'S
## PROPOSED INSTRUCTIONS

COMES NOW, UNITED RECOVERY SYSTEMS, L.P., Defendant in the above-referenced matter, submits this Proposed Jury Instructions as set forth below pursuant to the Federal Rules of Civil Procedure and local rules, to be used at the trial of this matter commencing on September 23, 2013.

Respectfully Submitted,

Sprott Rigby Newsom Robbins
& Lunceford, PC

By: ___/s/ Kandy E. Messenger___
KANDY E. MESSENGER
State Bar No. 24053360
Fed. ID. 638777
2211 Norfolk Suite 1150
Houston, Texas    77098
Tel:  (713) 523-8338
Fax:  (713) 523-9422
COUNSEL FOR DEFENDANT
UNITED RECOVERY SYSTEMS, LP

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on the **28th of August 2013**, a true and correct copy of the foregoing was served by certified mail return receipt requested via the United States Postal Service on the following:

David E. Mack                                        ***Via CMRRR 7012 2210 0001 2170 4064***
7720 McCallum Blvd. #2099
Dallas, TX 75252
*Pro Se* Plaintiff


                                        __*/s/Kandy E. Messenger*_____
                                          Kandy E. Messenger

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1
PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  [Do not decide who you think should win and then answer the questions accordingly.]  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.   In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.  (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory;  and the significance of that may depend on whether it has to do with an important fact or with only an unimportant

detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this

charge with you as well as] exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  [You may now retire to the jury room to conduct your deliberations.]

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

**SOURCE**: Fifth Circuit Pattern Jury Instructions – Civil (2006),§1.1

Given: _____

Given as modified: _____

Denied: _____

Withdrawn: _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

(General Instructions for the Charge)

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  [Do not decide who you think should win and then answer the questions accordingly.]  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.

In other words, a preponderance of the evidence just means the greater weight and degree of credible evidence introduced before you and admitted in this case. In other words, it means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.  (Specific limiting instructions may be repeated as appropriate.) ]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

[Any notes that you have taken during this trial are only aids to memory.  If your

memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.]

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  [You may now retire to the jury room to conduct your deliberations.]

Do not let bias, prejudice or sympathy play any part in your deliberations.  A business entities and all other persons are equal before the law and must be treated as equals in a court of justice.

**SOURCE:** *Fifth Circuit Pattern Jury Instructions – Civil (2006), §3.1* (modified so as not to duplicate instructions given).

Given: _____

Given as modified: _____

Denied: _____

Withdrawn: _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

In this case, Plaintiff, David Mack, claims that Defendant, United Recovery Systems, LP ("URS") willfully violated the Federal Fair Credit Reporting Act.  Mr. Mack claims that URS accessed his credit report on April 16, 2008 without a permissible purpose as provided for in the Act.  Plaintiff seeks monetary damages as the result of the violation.

URS denies willfully violating the Federal Fair Credit Reporting Act. URS denies accessing Mr. Mack's credit report without a permissible purpose, and claims that URS accessed Mr. Mack's credit report with reason to belief that it was authorized to access Mr. Mack's credit report in connection with the collection of a debt assigned by American Express to URS to collect from Mr. Mack.  URS further claims that Plaintiff's FCRA claims are barred by the statute of limitations. URS further claims that in the event URS violated the FCRA, the violation was unintentional and the result of a bona fide error.

**Source**: 15 U.S.C. §1681b; *Bryant v. TRW, Inc.*, 487 F. Supp.1234 (E.D. Mich. 1980)

Given:_____
Given as modified:_____
Denied:_____
Withdrawn:_____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

A party may bring an action to enforce liability under the FCRA no later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

The FCRA statute of limitation provides that a FCRA suit is barred if a plaintiff does not bring the suit within the prescribed period of time. The time period within which a FCRA suit must be brought begins when the plaintiff first knew, or by the exercise of reasonable care, should have known that the defendant violated the FCRA.

**SOURCE:** *See* 15 U.S.C. §1681p.

Given:_____
Given as modified:_____
Denied:_____
Withdrawn:_____

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5</u>

The Fair Credit Reporting Act ("FCRA") imposes civil liability upon a person who *willfully* obtains a consumer report *for a purpose that is not authorized by the FCRA*.

Section 1681b(f) of the FCRA states that a person may not use or obtain a credit report for any purpose except "a purpose for which the consumer report is authorized to be furnished under this section."

The FCRA expressly provides a list of the permissible purpose for which a consumer report may be furnished. In particular, Section 1681b(a) provides:

> (a)　　Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> ***
> (3) To a person which it has reason to believe--
>> (A)　　intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer, or ...
>> (E)　　intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
>> (F)　　otherwise has a legitimate business need for the information...
>>> (ii)　　to review an account to determine whether the consumer continues to meet the terms of the account.

**Source**:  *See* 15 U.S.C. §1681b(a)(3)(A), (E), (F)(ii); 1681b(f); 1681n(a); *Safeco Ins. Co. v. Burr*, 511 U.S. 47, 60, 69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); *Norman v. Northland Group Inc.*, 495 Fed. Appx. 425 (5th Cir. 2012); *see also Trikas v. Universal Card Services Corp.*, 351 F. Supp. 2nd 37 (E.D.N.Y. 2005) *and see*, *Kennedy v. Victoria's Secret Stores, Inc.*, 2003 WL 2186613 (E.D. La. Sept. 28, 2004); *Huertas v. Galaxy Asset Management*, 641 F.3d 28 (3rd Cir. 2011)

Given:_____
Given as modified:_____
Denied:_____
Withdrawn:_____

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

A person "willfully" violates the FCRA if the person *intentionally* violates the FCRA or violates the FCRA with reckless disregard of the FCRA requirements.

Recklessness is measured by "an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.  A person does not act in reckless disregard of the FCRA unless the action is not only a violation of the FCRA under a reasonable reading of the statute's terms, but the person ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

The FCRA expressly permits a debt collector or collection agency to access a consumer's credit report for a permissible purpose, and a debt collector or collection agency has a permissible purpose if the debt collector

> "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer."

Even if a debt collector mistakenly believes that there is a valid debt at the time it makes a credit inquiry, it has a permissible purpose to access a credit report under the FCRA.

**Source**:  *See* 15 U.S.C. §1681b(a)(3)(A); 1681b(f); 1681n(a); *Safeco Ins. Co. v. Burr*, 511 U.S. 47, 60, 69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); *Norman v. Northland Group Inc.*, 495 Fed. Appx. 425 (5th Cir. 2012); *see also Trikas v. Universal Card Services Corp.*, 351 F. Supp. 2nd 37 (E.D.N.Y. 2005) *and see, Kennedy v. Victoria's Secret Stores, Inc*., 2003 WL 2186613 (E.D. La. Sept. 28, 2004); *Huertas v. Galaxy Asset Management*, 641 F.3d 28 (3rd Cir. 2011)

Given:_____
Given as modified:_____
Denied:_____
Withdrawn:_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

You cannot find URS *willfully* violated the Fair Credit Reporting Act by finding URS was negligent. Likewise, you cannot find that URS was both negligent and willful.

**Source**:  *See* 15 U.S.C. §1681n and §1681o.

Given:_____
Given as modified:_____
Denied:_____
Withdrawn:_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

In this case, Plaintiff claims that URS willfully violated the FCRA by accessing his credit report without a permissible purpose.  Plaintiff must prove every essential part of his FCRA claim by a preponderance of the evidence.

A preponderance of the evidence means by the greater weight and degree of credible evidence introduced before you and admitted in this case.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

In this matter, Mr. Mack claims that URS willfully violated the FCRA by accessing his credit report without a permissible purpose on April 16, 2008.

To prevail on his FCRA claims, Mr. Mack has the burden of proving each of the following propositions by the preponderance of evidence:

First:      Mr. Mack must prove there was a consumer report;

Second:   Mr. Mack must prove that URS used or obtained the consumer report.

Third:     Mr. Mack must prove that URS used or obtained his consumer report without a permissible purpose allowed by FCRA;

Fourth:    Mr. Mack must prove that URS willfully violated the URS.

**Source**:  *See* 15 U.S.C. §1681b(a)(3)(A); 1681b(f); 1681n(a); *Safeco Ins. Co. v. Burr*, 511 U.S. 47, 60, 69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); *Norman v. Northland Group Inc.*, 495 Fed. Appx. 425 (5th Cir. 2012); *see also Trikas v. Universal Card Services Corp.*, 351 F. Supp. 2nd 37 (E.D.N.Y. 2005) *and see*, *Kennedy v. Victoria's Secret Stores, Inc.*, 2003 WL 2186613 (E.D. La. Sept. 28, 2004); *Huertas v. Galaxy Asset Management*, 641 F.3d 28 (3rd Cir. 2011).

Given:_____
Given as modified:_____
Denied:_____
Withdrawn:_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

A plaintiff that proves by a preponderance of evidence that a defendant willfully violated the FCRA by obtaining the plaintiff's credit report without a permissible purpose may recover statutory damages of no less than $100 and no more than $1000 per each violation.

If you find that a defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of Plaintiff's damages. You may not award damages based on speculation or a mere guess. Any award of damages must be based on a preponderance of evidence supporting such an award.

.

**Source**:  *See* 15 U.S.C. §1681b, 1681n.

Given:_____
Given as modified:_____

Defendant's Proposed Jury Instructions and Verdict Form Questions                    15

Denied:_____
Withdrawn:_____

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10:**

In this matter, URS has asserted a defense that the statute of limitations bars Plaintiff's FCRA claims. Under the FCRA, Plaintiff must have brought this action no later than the earlier of (1) 2 years after the date of discovery by Plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs. If Plaintiff failed to bring suit within the applicable statute of limitations, Plaintiff's claims are time barred, regardless if you find that URS violated the FCRA. The time period within which Plaintiff must have brought his FCRA began when Plaintiff first knew, or by the exercise of reasonable care, should have known that URS violated the FCRA. Defendant has the burden of proving Plaintiff's claims are barred by the statute of limitations by a preponderance of the evidence that Plaintiff did not bring suit within the applicable time period.

**SOURCE:** *See* 15 U.S.C. §1681p.

Given:_____
Given as modified:_____
Denied:_____
Withdrawn:_____

## **DEFENDANT'S PROPOSED INSTRUCTION NO. 11**

### **(VERDICT FORM QUESTION NO. 1)**

Do you find by the preponderance of the evidence that URS willfully violated the FCRA?

Answer "Yes" or "No":

_____

If you answered "No" to Question No. 1, do not answer any further questions. If you answered "Yes" to Question No 1, proceed to Question No. 2.

Given:_____

Given as modified:_____
Denied:_____
Withdrawn:_____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### (VERDICT FORM QUESTION NO. 2)

If you have answered "yes" to Question 1, then answer the following question.  Otherwise, do not answer the following question.

Do you find by the preponderance of the evidence that Plaintiff failed filed his FCRA claims against URS within the applicable statute of limitations?

Answer "Yes" or "No":

_____

If you answered "Yes" to Question No. 2, do not proceed any further. If you answered "No" to Question No. 2, proceed to Question No. 3.

Given: _____

Given as modified:_____

Denied:_____

Withdrawn:_____

**DEFENDANT'S PROPOSED FORM QUESTION NO. 13**

(VERDICT FORM QUESTION NO. 3)

If you have answered "yes" to Question No. 1 and answered "no" to Question No. 2, then answer the following question.  Otherwise, do not answer the following question.

Do you find by the preponderance of the evidence that any violation of the FCRA by Defendant UNITED RECOVERY SYSTEMS, LP was unintentional and resulted from bona fide error, notwithstanding its maintenance of procedures reasonably adapted to avoid any such error?

Answer "Yes" or "No":

_____

If you answered "yes" to Question No. 3, do not proceed any further. If you answered "No" to Question No. 3, proceed to Question No. 4.

Given: _____

Given as modified:_____

Denied:_____

Withdrawn:_____

## DEFENDANT'S PROPOSED FORM QUESTION NO. 14

### (VERDICT FORM QUESTION NO. 4)

If you have answered "yes" to Question No. 1 and answered "no" to Question Nos. 2 and 3, then answer the following question.  Otherwise, do not answer the following question.
.
What sum of money, between $100 and $1,000, would fairly and reasonably compensate David Mack for statutory damages under the Fair Credit Reporting Act, if any, for the conduct found in response to Question No. 1?

Answer in dollars and cents for damages, if any.

    a.  Statutory Damages, if any:        $_____.____

**Source:**  15 U.S.C. §1681b, 1681n.

Given:_____
Given as modified:_____
Denied:_____
Withdrawn:_____

**CERTIFICATE**

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our unanimous verdict.

SIGNED _____ DAY OF _____, 2013.


_____
**JURY FOREMAN**